### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DELBERT LEROY OLDHAM,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 09-CV-0243-CVE-PJC |
| ) | |
| **JOSEPH TAYLOR, Warden;** ) | |
| **DREW EDMONDSON, Att'y General,** ) | |
| ) | |
| **Respondents.** ) | |

### OPINION AND ORDER

On April 24, 2009, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). He also paid the $5.00 filing fee. For the reasons discussed below, the Court finds the petition should be dismissed as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. It is unnecessary to transfer this petition to the Tenth Circuit because Petitioner's motion to file a second or successive petition is presently pending at the Tenth Circuit.

As a preliminary matter, because Petitioner paid the $5.00 filing fee, his motion to proceed *in forma pauperis* is moot.

### *BACKGROUND*

Petitioner challenges his convictions for Lewd Molestation (Counts 1 and 3), and First Degree Rape (Count 2), After Former Conviction of a Felony, entered after a jury trial in Washington County District Court, Case No. CRF-92-189. Petitioner received sentences of ten (10) years imprisonment on Count 1, sixty (60) years imprisonment on Count 2, and thirty (30) years

imprisonment on Count 3, to be served consecutively. This is Petitioner's second petition for writ of habeas corpus filed in this federal district court challenging the same Washington County convictions. On July 23, 1999, Petitioner's prior petition, N.D. Okla. Case No. 97-CV-445-TRB, was denied.[1] Petitioner appealed and on February 23, 2000, the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. Now, more than nine (9) years later, Petitioner again challenges his conviction entered in Washington County District Court, Case No. CRF-92-189.

## *ANALYSIS*

Given the Court's consideration of Petitioner's prior habeas corpus petition, this is a second or successive habeas corpus petition. Under 28 U.S.C. § 2244(b)(1), a petitioner is required to obtain authorization from the circuit court of appeals before filing second or successive petition in district court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). On page 9 of his petition, Petitioner indicates that he has obtained an order form the United State Court of Appeals for the Tenth Circuit authorizing this Court to consider this petition. See Dkt. # 1 at 9. However, Petitioner did not provide a copy of an order from the Tenth Circuit. Upon review of filings at the Tenth Circuit, the Court has determined that on April 20, 2009, Petitioner submitted a motion for leave to file a second or successive habeas petition in the Tenth Circuit Court of Appeals where it was assigned Case No. 09-5060. As of today's date, that motion remains pending. Thus, contrary to his statement on page 9 of the petition, Petitioner filed the instant petition without first receiving authorization from the Tenth Circuit. As a result, this Court lacks jurisdiction to address the merits

---

[1] The Court notes that on April 24, 2009, Petitioner also filed a Rule 60(b) motion in Case No. 97-CV-445-CVE-PJC.

of the claims asserted in the second or successive petition. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

The Court finds that because Petitioner's motion for leave to file a second or successive petition is pending at the Tenth Circuit Court of Appeals, there is no risk that a meritorious successive claim will be lost and it would be a waste of judicial resources to transfer the petition. Therefore, the petition shall be dismissed as a second or successive petition filed without prior authorization.

**ACCORDINGLY IT IS HEREBY ORDERED** that:

1. Petitioner's motion to proceed *in forma pauperis* (Dkt. # 2) is **declared moot**.

2. The petition for writ of habeas corpus is **dismissed** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

3. This is a final Order terminating this action.

**DATED** this 28th day of April, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT